IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY L. WINTERS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **00-405-CJP** |
| **FRU-CON, INC.,** | ) ) ) |
| Defendant. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for New Trial **(Doc. 303)**. Defendant Fru-Con has filed a response. **(Doc. 306)**.

Plaintiff contends that he is entitled to a new trial for the following reasons:

(1) The Court's ruling that Fru-Con did not owe a duty of care to plaintiff under its contract and under OSHA Chapter 1910 was erroneous;

(2) The Court's ruling that plaintiff could not make a submissible products liability case against Fru-Con without an expert witness was erroneous;

(3) The Court's decision excluding the testimony of plaintiff's expert witness H. Boulter Kelsey was erroneous;

(4) The Court's denial of plaintiff's motion to conduct testing was an abuse of discretion; and

(5) The Court's denial of plaintiff's motion to amend to add a prayer for punitive damages was an abuse of discretion.

This Court may grant a new trial "if the verdict is against the weight of the evidence, the

damages are excessive, or if for other reasons the trial was not fair to the moving party." ***Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir.1992).  See, Fed.R.Civ.P. 59(a)**.  However, an error cannot be the basis for granting a new trial unless refusing to grant a new trial "appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." **Fed.R.Civ.P. 61.**

The Court will first address plaintiff's third point, which relates to the exclusion of his expert witness, H. Boulter Kelsey.  The witness was excluded on defendant's motion pursuant to ***Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 509 U.S. 579 (1993)**.  See, **Doc. 203.**  In that lengthy order, the Court set forth its reasons in detail for finding that Kelsey's testimony was not reliable because he offered testimony about alternative designs, but he had not performed any testing or review of data regarding the proposed alternative designs.  The Court stated in that Order:

> This Court recognizes that lack of testing, in and of itself, does not always doom the expert's testimony.  ***Cummins*, 93 F.3d at 369.**  No one ***Daubert*** factor is controlling.  ***Dhillon*, 269 F.3d at 870.**  Here, though, the lack of testing is problematic, especially as Mr. Kelsey himself acknowledged that the alternatives suggested by him must "be evaluated for it's [sic] specific efficacy relative to the system." **Tr. 38.**  Under the circumstances of this case, the expert's suggestions as to methods of fixing the alleged defect in the system cannot be considered scientifically reliable without some verification.  Here, Mr. Kelsey performed no testing, and reviewed no data or studies by anyone else.   He did not point to any similar system which used any of the alternative designs       suggested by him.  He has made no evaluation of the probable installation or maintenance costs.  In short, Mr. Kelsey's testimony is not reliable.

**Doc. 203, p. 8**.

The Seventh Circuit has recently reiterated that ***Daubert*** requires the trial court to perform a gatekeeping function, and to assess not only the expert's credentials, but also "the

reliability of the *methodology* the expert has employed in arriving at his opinion." **Fuesting v. Zimmer, Inc., 421 F.3d 528, 535 (7th Cir. 2005)** [emphasis in original].  Failure to test and lack of publication or peer review for a theory are indicia of unreliability.  **Id., 536-537.**

Here, the proposed alternative designs were not tested by Kelsey, and, according to his testimony, he was unaware of any testing or implementation of his proposals by anyone else.  Although he acknowledged that proposed alternatives must be evaluated for "specific efficacy relative to the system," the alternatives suggested by him had not been so evaluated.

In the present motion, plaintiff does not offer any new or different arguments for why Kelsey's testimony meets the requirements of **Daubert**.  He simply repeats some of the arguments he made in opposition to defendant's motion.  The Court has previously considered and rejected these arguments for the reasons set forth in **Doc. 203**, and will not repeat its analysis here.  The Court is not persuaded that its Order excluding the testimony was incorrect.  The Court continues to believe that Kelsey's testimony was unreliable and inadmissable under **Daubert** and  **Fed.R.Evid. 702**, for the reasons set forth in its previous Order.

The Court must also reject plaintiff's argument that it erred in granting partial summary judgment in favor of Fru-Con because plaintiff could not make a case for product liability under Illinois law without an expert witness.  **See, Doc. 253.**  In a design defect case such as this, Illinois law requires plaintiff to establish a defective condition and a causal link between the defect and his injury.  **Fuesting, 421 F.3d at 532.**  In granting summary judgment on the product liability claim against Fru-Con, this Court stated, "due to the nature of the defect alleged, expert testimony would be necessary to demonstrate that the product is defective and that there is a feasible alternative design.  Such matters are beyond the common experience and knowledge of

average jurors.  **See,** ***Baltus v. Weaver Division of Kiddie & Co. Inc.,*** **199 Ill.App.3d 834, 836-38, 557 N.E.2d 580, 589-91 (1990).** " **Doc. 253, p. 5**.  Plaintiff argues that the Court erred in granting the motion because he could have made a case for product liability by showing that the equipment did not meet the requirements of OSHA chapter 1910.

After the Court granted defendant's ***Daubert*** motion, plaintiff filed a motion to modify that order.  Plaintiff asked the Court to reconsider its previous order and to allow Kelsey to testify that the equipment did not comply with OSHA standards.  In denying the motion, the Court stated as an alternative basis for its ruling that Kelsey's opinions abut OSHA standards had not been set forth in his **Rule 26(a)** report, or mentioned in his deposition.  **See, Doc. 250, p.3.**  Plaintiff now says this conclusion was wrong, because Kelsey disclosed at his deposition that he was relying on OSHA standards as a basis for his opinion, and OSHA regulations were part of the record at the deposition.  However, while Kelsey may have stated that he generally relied on OSHA standards in formulating his opinions, he did not state in his report or in his deposition that, in his opinion, the equipment was defective because it did not comply with a particular OSHA standard.  **See, Doc. 250, p.3**.  His **Rule 26(a)** report was insufficient, and there was no substantial justification for the omission of the information.  The testimony was properly excluded pursuant to **Rule 37(c)(1)**.

In any event, evidence that an OSHA regulation was violated, without more, would not serve to demonstrate that the diverter valve was in a defective condition.  For the reasons stated in **Docs. 250 and 203**, the Court holds that, under Illinois law, plaintiff here was required to present evidence of an alternative feasible design.  He failed to do so, and Fru-Con was therefore entitled to judgment on his product liability claim.

At the close of plaintiff's case, the Court granted defendant Fru-Con, Inc.'s Motion for Judgment as a Matter of Law on plaintiff's negligence claim.  Plaintiff's evidence failed to establish that Fru-Con owed him a duty.  **See, Doc. 301.**  Plaintiff does nothing more than restate the arguments he made in opposition to defendant's **Rule 50** motion.  For the reasons already set forth in **Doc. 301**, Fru-Con was entitled to judgment on the negligence claim.

Plaintiff also asserts that the Court erred in denying his motion for testing, which was **Doc. 207.**  The motion was made after Kelsey's evidence was excluded.  Plaintiff sought an order permitting Kelsey to test the equipment on which plaintiff was injured.  The motion was denied because it was filed so late in the litigation.  In denying the motion, the Court noted that testing the equipment in its present condition would not have remedied the defects in Kelsey's testimony because the flaw in his methodology was his failure to test his proposed alternative designs, and not the existing equipment.  **See, Doc. 213**, **p.4**.  The Court's ruling was within its discretion, and could not have prejudiced plaintiff in any event.

Lastly, the refusal to allow plaintiff to amend to pray for punitive damages could not have prejudiced him in the circumstances of this case.

Because plaintiff has not identified any ruling which was erroneous and which prejudiced his substantial rights, plaintiff's Motion for New Trial **(Doc. 303)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:**  May 4, 2006.

s/ Clifford J. Proud  
**CLIFFORD J. PROUD**  
**U.S. MAGISTRATE JUDGE**

5